CITY OF WASHBURN, Appellant, vs. BAYFIELD COUNTY, Respondent.

*June 3—June 20, 1940.*

216

The cause was submitted for the appellant on the brief of *Walsh & Morris* of Washburn, and for the respondent on that of *W. T. Norlin* of Iron River.

WICKHEM, J.   The demurrer was sustained on the theory that the complaint discloses that the payments made and sought to be recovered were made under a mistake of law and are not within any of the exceptional circumstances allowing restitution for payments so made.   In the view that the court takes of the matter, we do not deem it necessary to examine the merits of this determination.   The ruling of the trial court was upon the assumption that the county system of relief was effectively established by the resolution of November 17, 1933.   If it was not, then, of course, the obligation to support the poor of the municipality remained with plaintiff, and it did no more than to discharge its own obligation.   Defendant contends that the resolution of November 17, 1933, is void because of the qualification attached to the resolution, heretofore italicized.   The contention is based upon the provisions of sec. 49.15, Stats., which reads as follows:

"The county board of any county may, at an annual meeting or at a special meeting called for that purpose, by a resolution adopted by an affirmative vote of a majority of all the supervisors entitled to a seat in such board, abolish *all* distinction between county poor and town, village and city poor in such county and have the expense of maintaining all the poor therein a county charge; and thereupon the county shall relieve and support the poor in said county, and all the powers conferred and duties imposed by this chapter upon towns, villages and cities shall be exercised and provided for pursuant to section 49.14."

We see no escape from defendant's contention. Sec. 49.15, Stats., permits only the complete abolition of *all* distinction between county and town, village, and city poor, and the assumption of complete responsibility by the county for their relief and support. The section is so clearly and unambiguously stated as not to be open to construction. The exception in the resolution of November 17, 1933, is so clearly intended to qualify the balance of the resolution that it cannot be isolated and held void in such a way as to leave the remaining part a valid satisfaction of the statute. It is true that under secs. 49.04 (3), 49.07, and 49.14 (4), the county may maintain a home for and relieve "permanent poor persons" committed thereto even though the distinction between county poor and town, village, and city poor is not abolished. The reverse, however, is not true. The county seeking to satisfy the terms of sec. 49.15 may not leave any liability for the relief or support of the poor in the towns, villages, or cities. The complaint contains allegations concerning the fact and amount of payments to defendant by the industrial commission of state and federal funds, but we deem these allegations to be immaterial in this action. Plaintiff seeks restitution of sums paid by it under mistake to discharge duties of defendant. The conclusion that the duties discharged were those of plaintiff destroys any basis for restitution. The demurrer was properly sustained.

*By the Court.*—Order affirmed, and cause remanded for further proceedings according to law.